MORGAN, ROBERTSON & CO. *v.* THOMAS G. BLEWETT, SR.

1. CHAMPERTY. *English doctrine not in force.*

A sale of land by one out of possession, though it is claimed by another adversely, is not champertous. The English doctrine on this subject does not exist here.

2. SAME. *Maintenance. Defraying cost by another.*

Where one mortgages land to secure a debt, at the same time entering into an agreement with the mortgagee, under which the latter is to foreclose and bid in the land at an agreed price exceeding the mortgage debt, and is to sue to recover possession of the property from a third person claiming it adversely, the mortgagor warranting the title and agreeing to defray the expenses of suit, in consideration of all which, on successful termination of the litigation, he is to be paid the agreed price, less the mortgage debt, and nothing if the title fails, there is nothing in the arrangement affecting the right of the mortgagee to maintain the suit against such third person.

FROM the circuit court of Lowndes county.

HON. NEWNAN CAYCE, Judge.

Claude Blewett executed to appellants, Morgan, Robertson & Co., a trust-deed on certain lands, as set forth in the opinion. This trust-deed was foreclosed, and appellants became the purchasers, as agreed, and instituted this action of ejectment against appellee, Thomas G. Blewett, Sr., to recover possession of the lands.

On the trial, plaintiffs read in evidence the trust-deed exe-cuted to plaintiffs by Claude Blewett, and a deed executed by the trustee, therein conveying the lands to plaintiffs. They also introduced a deed executed by the tax-collector of Lowndes county, March 1, 1886, by which the lands were sold for the state and county taxes of 1885, the said Claude Blewett becoming the purchaser. This was all the plaintiffs' evidence. Thereupon the defendant introduced the agree-ment entered into between Claude Blewett and plaintiffs at the time of executing the trust-deed, the terms of which agreement are substantially set forth in the opinion. The plaintiffs objected to the introduction of this agreement on the ground that it was incompetent and irrelevant; that it set up no facts in bar of plaintiffs' right to recover; that, if it set up a defense, it was of an equitable nature, not availa-ble in an action of ejectment. The objection was overruled, and plaintiffs excepted. This agreement, introduced by the defendant, and the foregoing deeds, introduced by plaintiffs, constituted all the testimony in the case. The evidence being closed, the court was asked to give a peremptory in-struction for defendant, which was done, and judgment was entered accordingly. Motion for new trial overruled; plaint-iffs appeal.

*Orr & Orr*, for appellants.

The agreement introduced by defendant interposed no defense to the suit. There is no valid objection to it. The effect of it was to prevent the lands being sold at a sacrifice under the trust-deed. Claude Blewett, the grantor, was mainly interested in sustaining the title to the lands, and, besides, he warranted the title. It was, therefore, perfectly proper that he should bear the expense of the litigation.

The English doctrines of champerty and maintenance are not in force in this state. Under our statute, a conveyance operates as a transfer of possession to the grantee, without livery of seizin. It has been the policy of modern times to

remove all restraints from the free alienation of property, and our statute in reference to the sale of land is in pursuance of this policy. It is immaterial who is in possession, or whether there is any adverse claim. On this subject we invite the attention of the court to the following authorities: *Cassedy* v. *Jackson*, 45 Miss., 397; *Thallhimer* v. *Brinckerhoff*, 15 Am. Dec., 314, and note; *Pratt* v. *Pierce*, 36 Me., 448, s.c. 58 Am. Dec., 760; *Williamson* v. *Sammons*, 34 Ala., 692.

Maintenance consists in the officious intermeddling in a suit that in no way belongs to one, by assisting another party with money, or otherwise, to prosecute or defend. 1 Black. Com., 135. A seller who has warranted the title has a right to aid his purchaser. 6 Bac. Ab., p. 412; 1 Story on Con., § 517, 579; Chitty on Con., 584; Smith on Con., 146; Addison on Con., p. 94; *Brown* v. *Bigne* (Oregon), 28 Pac. R., 12; *Gillman* v. *Jones* (Ala.), 5 So. R., p. 786. We ask attention especially to the well-considered case of *Hovey* v. *Hobson*, 51 Me., 62.

Even under the old doctrine, to constitute this contract champertous, it was necessary that there should be an agreement on the part of Morgan, Robertson & Co. that they should pay the expense of the litigation.

We fail to see where there is any pragmatic interference on the part of Claude Blewett with the litigation. He was mainly interested in it, and it devolved upon him to protect the title. No one could have been possibly injured by the agreement; it was fair and honest, and provided for the sale of the lands at public outcry to the highest bidder.

*Linton D. Landrum*, for appellee.

1. Plaintiff in ejectment must show a clear legal title. Defendant, either with or without evidence, may show the invalidity of plaintiff's title. 4 Smed. & M., 49; 7 *Ib.*, 363; 52 Miss., 371; 4 Wheaton, 380; 83 Ala., 220.

2. Objections to evidence must be specific. This applies especially to written evidence. 1 Greenleaf on Ev., p. 530;

10 Am. St. R., 298. The objection to the agreement offered by defendant was entirely too vague and general. Counsel did not show wherein it was incompetent or irrelevant. This court will not countenance general objections made in the court below, where the defects, if pointed out, might have been supplied.

The trust-deed and the agreement were contemporaneous, and related to the same subject-matter. The introduction of one made the other competent. On this point see *Green* v. *Jordon,* 3 Am. St. R., 713.

By introducing the contract in evidence, defendant was not setting up an equitable title; the object was to show that plaintiffs had no legal title.

The agreement shows that no money passed between the parties when it was executed; it provides that Morgan, Robertson & Co. are to bring a suit for the land, and if they are not successful, they are not even to pay costs. It shows that the trust-deed was to be void, if they failed in the litigation. The trust-deed, and the trustee's sale under it, were all to be parts of an arrangement by which Morgan and others were to be clothed with a fictitious title, in order that they might bring suit. In this the parties were guilty of maintenance. The agreement exposes a combination between these parties to defraud Thomas G. Blewett. The judgment should be affirmed.

WOODS, J., delivered the opinion of the court.

It is not an open question in this state that a sale of lands by one out of possession is free from champerty. Our statute and the decisions of this court has put this at rest. The English doctrine has ceased to exist with us.

The entire contract between appellants and Claude Blewett shows this state of facts: Claude Blewett was indebted to appellants in the sum of $2,200 or thereabouts, and, to secure this, on March 19, 1891, he executed a trust-deed on the lands embraced in the present litigation in favor of ap-

pellants. Contemporaneously with this, he executed an agreement, signed by himself and appellants, by which it was stipulated that the appellants should proceed at once to have the lands sold under the trust-deed, and should become the purchasers thereof, and that Claude Blewett should institute and carry on, at his own expense, the necessary proceedings in court to obtain for appellants the possession of the property. It was further agreed that, as soon as appellants were entitled to possession of the lands by judgment or decree of court, or by compromise or agreement, they would pay to Claude Blewett $7,500, the agreed value of the property and purchase-price of the same, less the $2,200 due by him to appellants and secured by the deed of trust already mentioned. Claude Blewett engaged to warrant the title to the lands thus bargained to be sold, and if legal proceedings should demonstrate that he or his vendees were not entitled to the right of possession of the lands, appellants were not to pay the $7,500, purchase-price, and Claude Blewett was to make other provision for the payment of the $2,262 due by him to appellants.

There is absolutely nothing in all this which affects the right of appellants to recover in this proceeding on the evidence they offered. It is a plain case of one largely interested in the result of a suit taking active control of it. Claude Blewett was to recover more than $5,000 if the litigation resulted in his favor or in favor of appellants, and, with full knowledge of his sources and muniments of title, he might well have relied upon a recovery. He was, besides, the warrantor of the title agreed to be conveyed to and acquired by appellants. Thus situated, it was eminently proper for him to agree to undertake, and actually to undertake, the payment of all costs and expenses incurred in the assertion of his rights by appellants in the courts of the country.

The agreement of Claude Blewett and appellants offered in evidence by defendant should have been excluded by the

court, and a peremptory instruction given for plaintiffs be-
low.

*Reversed and remanded.*